UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DEBORAH MAURO,

        Plaintiff,

v.                                                            Case No:  2:13-cv-863-FtM-CM

CAROLYN W. COLVIN,
Commissioner of Social Security,

        Defendant.

_____

## OPINION AND ORDER

Plaintiff, Deborah Mauro, appeals the final decision of the Commissioner of Social Security Administration ("Commissioner") denying her claim for disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI").   As the decision of the Administrative Law Judge ("ALJ") was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

### I.    Issues on Appeal

Plaintiff argues two issues on appeal: First, whether the ALJ properly considered the impact of Plaintiff's mental impairments in assessing her residual functional capacity ("RFC") for work.   Specifically, Plaintiff asserts that the opinion evidence, her testimony regarding the mental impairments, and the medical records support a more mentally limited RFC.   The second issue on appeal is whether the ALJ improperly rejected Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms when the ALJ found Plaintiff to not be credible.

Specifically, Plaintiff asserts that the ALJ improperly based her credibility finding on the fact that Plaintiff is capable of performing mundane daily activities.

## II.    Procedural History and Summary of the ALJ's Decision

Plaintiff filed an application for disability and DIB on February 14, 2011, and an application for SSI on December 13, 2011, alleging she became disabled and unable to work on January 15, 2009, due to extreme nervousness; anxiety; depression; bipolar, post-traumatic stress, attention deficit, and borderline personality disorders; bad knees and ankles; neck injury; two bulging discs; a torn right rotator cuff; and a collapsed right lung.   Tr. 171-80, 205.   The Social Security Administration ("SSA") denied her claim initially and upon reconsideration.   Tr. 107-12, 114-16.   Plaintiff then requested and received a hearing before an ALJ on January 26, 2013, during which she was represented by an attorney.   Tr. 32-94.   Plaintiff and a vocational expert ("VE") testified at the hearing.

On April 23, 2013, the ALJ issued a decision, finding Plaintiff not disabled and denying her claim.   Tr. 16-26.   At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since January 15, 2009, the alleged onset date.   Tr. 18.   At step two, the ALJ determined that Plaintiff had the following severe impairments: degenerative joint disease, spinal disc disease, bipolar disorder, substance abuse disorder, and personality disorder.   *Id.*   At step three, the ALJ concluded that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20

C.F.R. Part 404, Subpart P, Appendix 1."[1]  Tr. 18-19.   In doing so, the ALJ explicitly considered the severity of Plaintiff's physical impairments under listings 1.00 (musculoskeletal system); and mental impairments under listings 12.04 (affective disorders), 12.08 (personality disorders), and 12.09 (substance addiction disorders). Tr. 19.   In making these findings, the ALJ considered the "paragraph B" criteria, and found that the criteria were not satisfied.   *Id.*   The ALJ also considered the "paragraph C" criteria for listing 12.04, and found that the criteria were not satisfied. Tr. 20.

Taking into account the effects from all of Plaintiff's symptoms and considering the opinion evidence, the ALJ then determined that Plaintiff had the RFC to perform light work, as defined in 20 C.F.R. § 416.967(b),[2] with some additional limitations. Tr. 20.   In pertinent part, taking into account Plaintiff's mental limitations, the ALJ found that Plaintiff is able to perform low semi-skilled work up to a Specific Vocational Preparation ("SVP") level of 4; she is able to tolerate frequent changes in work tasks; occasional changes in the work environment; and frequent social

---

[1] Appendix 1 is the listing of impairments ("Listing") that "describes for each of the major body systems impairments that we consider to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."   20 C.F.R. § 405.1525(a).

[2] The regulations define "light work" as follows:

(b) Light work.   Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. . . .

20 C.F.R. § 404.1567(b).

interactions with coworkers, supervisors, and the general public.   *Id.*   The ALJ also found that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision." Tr. 21.   In making this finding, the ALJ considered Plaintiff's allegations of pain due to chronic back, shoulder, and knee problems; degenerative joint disease; spinal disc disease; fibromyalgia; and mental impairments, acknowledging that she suffered from bipolar disorder, substance abuse, and personality disorder.   Tr. 21-24.   The ALJ determined that Plaintiff was unable to perform her past relevant work as a program assistant, medical voucher clerk, hospital admitting clerk, picture framer, sales clerk, and telephone operator.   Tr. 24.   Taking into consideration her RFC determination, and supported by the VE's testimony, the ALJ found that Plaintiff had acquired work skills from past relevant work that are transferable to other jobs existing in significant numbers in the national economy that Plaintiff can perform.   Tr. 25.

Following the ALJ's decision, Plaintiff filed a Request for Review by the Appeals Council.   After considering the ALJ's decision, the Appeals Counsel denied the request on November 22, 2013.   Tr. 1-6.   Accordingly, the ALJ's April 23, 2013 decision is the final decision of the Commissioner.   On December 11, 2013, Plaintiff timely filed her Complaint with this Court under 42 U.S.C. §§ 405(g), 1383(c)(3). Doc. 1.

### III.   Social Security Act Eligibility and Standard of Review

A claimant is entitled to disability benefits when she is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to either result in death or last for a continuous period of not less than twelve months.   42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); 20 C.F.R. § 404.1505(a).   The Commissioner has established a five-step sequential analysis for evaluating a claim of disability.   *See* 20 C.F.R. § 404.1520. The claimant bears the burden of persuasion through step four, and, at step five, the burden shifts to the Commissioner.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence.   *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988) (citing *Richardson v. Perales*, 402 U.S. 389, 390 (1971)).   The Commissioner's findings of fact are conclusive if supported by substantial evidence.   42 U.S.C. § 405(g).   Substantial evidence is "more than a scintilla, *i.e.*, evidence that must do more than create a suspicion of the existence of the fact to be established, and such relevant evidence as a reasonable person would accept as adequate to support the conclusion."   *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted); *see also Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (finding that "[s]ubstantial evidence is something more than a mere scintilla, but less than a preponderance") (internal citation omitted).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). "The district court must view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (stating that the court must scrutinize the entire record to determine the reasonableness of the factual findings).

## IV.   Discussion

### A.   *Mental Impairments*

Plaintiff first argues on appeal that the ALJ erred in her assessment of Plaintiff's RFC because Plaintiff's mental limitations, as supported by the medical evidence in the record, warrant a far more limited RFC.   In support, Plaintiff points to Lee Mental Health Center records, as well as the opinion of Dr. Wendy Silver, Psy.D., a state agency psychological consultant.   Plaintiff argues that Dr. Silver's opinions support more psychologically-based limitations on Plaintiff's RFC than those imposed by the ALJ.   Plaintiff asserts that the ALJ failed to properly articulate or explain why she afforded Dr. Silver's opinion limited weight.   Tr. 24.   Thus, Plaintiff argues, this matter should be remanded for proper consideration of Plaintiff's mental limitations.

Defendant responds that Plaintiff's contention is without merit, because the ALJ's decision reflects that she considered the paragraph B criteria, as well as the medical opinion and other evidence regarding Plaintiff's mental functioning when assessing her RFC. The ALJ also considered Plaintiff's testimony and after thoroughly considering all of this evidence, the ALJ determined that Plaintiff's mental RFC was limited to performing only semi-skilled work. Tr. 22-24.

When an impairment does not meet or equal a listed impairment at step three, as in this case, the ALJ will proceed to step four to assess and make a finding regarding the claimant's RFC based upon all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1520(e). Here, the ALJ found that Plaintiff did "not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1." Tr. 18-19. The ALJ then proceeded to assess and make a finding regarding the claimant's RFC. The RFC is the most that a claimant can do despite her limitations. *See* 20 C.F.R. § 404.1545(a)(1). The ALJ is required to assess a claimant's RFC based on all of the relevant evidence in the record, including any medical history, medical signs and laboratory findings, the effects of treatment, daily activities, lay evidence and medical source statements. *Id.* At the hearing level, the ALJ has the responsibility of assessing a claimant's RFC. *See* 20 C.F.R. § 404.1546(c). The determination of RFC is within the authority of the ALJ; and the claimant's age, education and work experience are considered in determining the claimant's RFC and the claimant's ability to return to past relevant work. *Lewis v.*

*Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (citing 20 C.F.R. § 404.1520(f)).   The

RFC assessment is based upon all the relevant evidence of a claimant's remaining

ability to do work despite impairments.   *Phillips v. Barnhart*, 357 F.3d 1232, 1238

(11th Cir. 2004); *Lewis*, 125 F.3d at 1440 (citing 20 C.F.R. § 404.1545(a)).

"The ALJ must consider every impairment alleged."   *Gibson v. Heckler*, 779

F.2d 619, 623 (11th Cir. 1986).   The ALJ is required to consider the combined effects

of a claimant's alleged impairments and make specific, well-articulated findings as to

the effect of the impairments and whether they result in disability.   *Walker v.

Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987).

In her decision, the ALJ found that Plaintiff retained the ability to perform

light work, with specific limitations.   Tr. 20.   In doing so, she noted she considered

all symptoms and the opinion evidence regarding Plaintiff's physical and mental

limitations.   Thus, contrary to Plaintiff's assertions, the ALJ considered Plaintiff's

mental impairments in her RFC assessment and even incorporated additional

limitations into Plaintiff's RFC to accommodate such impairments.   Tr. 21-22.

Accordingly, the ALJ found it warranted to limit Plaintiff to low semi-skilled work up

to a SVP level of 3 or 4, which the ALJ found Plaintiff had the concentration,

persistence, and pace to perform.   Tr. 22.   The ALJ did so based upon her review of

Plaintiff's hearing testimony and the objective mental health evidence of record.   The

ALJ further stated that the Plaintiff's daily activities, medical treatment, social

interaction, treatment effectiveness, clinical presentation, and her medical side

effects support these findings.   *Id.*

In so finding, the ALJ considered medical opinions and other evidence regarding Plaintiff's mental functioning.   Tr. 22-25.   The ALJ considered an April 2011 consultative examination performed by Cheryl Kasprzak, Psy.D.   Tr. 22.   As the ALJ noted, Plaintiff was obnoxious, manipulative, and evasive throughout the exam.   Tr. 421.   Dr. Kasprzak noted that Plaintiff's reliability was "questionable."   Tr. 422.   Plaintiff had anxious mood and affect with rambling speech.   Tr. 422.   However, she was fully oriented, had average intellect and normal remote memory, and adequate attention and concentration.   Tr. 424.   She performed "Serial 3s" with only one error.   Tr. 424.   The ALJ further noted that Plaintiff's symptoms were controlled with medication.   Tr. 22.   Indeed, an August 2, 2012, treatment note documented that Tegretol controlled Plaintiff's mood swings.   Tr. 506.   "A medical condition that can reasonably be remedied either by surgery, treatment, or medication is not disabling."   *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988) (citation omitted).

The ALJ also acknowledged and considered that Plaintiff's symptoms can sometimes suggest a greater level of severity of impairment than can be shown by the objective medical evidence; however, after considering Plaintiff's allegations due to her impairments, she found that the objective medical evidence failed to support a finding of disability.   Tr. 23.   The ALJ explicitly stated that the RFC assessment takes into account Plaintiff's "bipolar disorder, substance abuse, and personality disorder, which would not preclude the above stated level of mental functioning."   Tr.

24.   The Court finds that the RFC assessment is supported by substantial evidence and is consistent with the limitations imposed by the ALJ.

With regard to the alleged error the ALJ committed in assigning limited weight to the opinion of Dr. Silver, the Court finds that the argument is without merit. State agency medical consultants are considered experts in social security disability programs and their opinions may be entitled to great weight, but only if their opinions are supported by evidence in the record, not present here.   20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i); SSR 96-6p.   Dr. Silver completed a Psychiatric Review Technique (Tr. 430-42) and Mental Residual Functional Capacity Assessment (Tr. 426-27, "MRFC"), evaluating Plaintiff's mental functioning.   Tr. 426-28. Plaintiff argues that Section I of the MRFC "contains [Dr. Silver's] opinions that Plaintiff has moderate limitations" in several areas of mental functioning.   Doc. 20 at 18-19.   Dr. Silver opined that Plaintiff had "problems in social interactions" but was otherwise capable of "remembering, understanding, and following simple instructions" with "some decrease in concentration."   Tr. 428.

Here, the ALJ found that Plaintiff's bipolar disorder, substance abuse disorder, and personality disorder were severe impairments but, after reviewing the medical records and assessing Plaintiff's subjective complaints and credibility in light of the records, found that the impairment did not preclude Plaintiff from performing light work with additional limitations.   Tr. 18.   In doing so, the ALJ considered Dr. Silver's opinion but found that it should be afforded limited weight because the record shows that Plaintiff is capable of semi-skilled work and that Plaintiff has moderate

restrictions in activities of daily living and (contrary to Dr. Silver's opinion) only mild limitations in social functioning and concentration, persistence, and pace.   Tr. 19-20, 24.   The Court finds that substantial evidence supports this conclusion.   As the ALJ noted in her decision, examining sources documented that Plaintiff was fully oriented and had average intellect, had "adequate" attention and concentration and could spell "world" correctly forward and backwards on the first attempt.   Tr. 424. Her treating sources documented that Plaintiff had grossly intact cognitive functioning, fair insight and judgment, and thoughts that were organized and goal directed.   Tr. 511, 622-23.   This substantial evidence contrasted with the opinion of Dr. Silver, who was neither a treating nor examining source; therefore, the ALJ properly gave the opinion limited weight.   *See Sharfarz v. Bowen*, 825 F.2d 278, 280 (11th Cir. 1987) ("The opinions of nonexamining, reviewing physicians . . . when contrary to those of the examining physicians, are entitled to little weight, and standing alone do not constitute substantial evidence.") (citation omitted).

Thus, the Court finds that the ALJ properly considered Plaintiff's mental limitations when determining her RFC, and the decision that the impairments do not preclude Plaintiff from working is supported by substantial evidence in the record.

B.   *Credibility*

Plaintiff next argues on appeal that the ALJ improperly rejected Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms and found her to be not credible.   Tr. 21.   Plaintiff asserts that the ALJ improperly based her assessment in part on Plaintiff's described, mundane daily

activities.   The ALJ noted that Plaintiff reported that she cooks, vacuums, and cleans the bathroom, which undermines her allegations of disabling manipulative limitations.   Tr. 23.   Plaintiff argues that participating in everyday activities of short duration such as housework does not disqualify Plaintiff from disability. Defendant responds that the ALJ properly considered Plaintiff's subjective complaints and found they were not entirely credible, which is supported by substantial evidence.   The Court agrees with the Commissioner.

When assessing the credibility of subjective complaints, an ALJ considers: (1) evidence of an underlying medical condition; and (2) objective medical evidence either (a) confirming the severity of alleged symptoms, or (b) indicating that the medical condition could be reasonably expected to cause symptoms as severe as alleged.   *See* 20 C.F.R. §§ 404.1529, 416.929; *Wilson v. Barnhart*, 284 F.3d 1219, 1225-26 (11th Cir. 2002).   If the objective medical evidence does not confirm the severity of the alleged symptoms but indicates that the claimant's impairments could reasonably be expected to produce some degree of pain and other symptoms, the ALJ must evaluate the intensity and persistence of the claimant's alleged symptoms and their effect on her ability to work.   *See* 20 C.F.R. §§ 404.1529(c)(1), 416.929(c)(1); *Wilson*, 284 F.3d at 1225-26.   The ALJ compares the claimant's statements with the objective medical evidence, the claimant's daily activities, treatment and medications received, and other factors concerning limitations and restrictions the symptoms cause.   *See* 20 C.F.R. §§ 404.1529(c), 416.929(c).

In this case, the ALJ considered Plaintiff's claims with regard to both her alleged physical and mental impairments.   In terms of Plaintiff's pain and physical impairments, the ALJ found that objective evidence and Plaintiff's limited treatment history did not support her allegations, which is proper for the ALJ to do.   Tr. 22-23. *See* 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2) (allowing an ALJ to consider objective medical evidence when assessing credibility); 20 C.F.R. §§ 404.1529(c)(3)(v), 416.929(c)(3)(vi) (allowing an ALJ to consider treatment a claimant uses for symptom relief).   The ALJ reviewed the treatment records and found that Plaintiff's back pain was controlled with medication and that she demonstrated drug seeking behavior. Tr. 22-23.

In terms of the symptoms caused by her mental impairments, the ALJ considered Plaintiff's daily activities, medical treatment, social interaction, treatment results, and medication side effects to determine that Plaintiff was not entirely credible.   Tr. 22. *See* 20 C.F.R. §§ 404.1529(c)(3)(i), (iv)-(v), (vii), 416.929(c)(3)(i), (iv)-(v), (vii) (allowing an ALJ to consider all of these factors in assessing the credibility of alleged symptoms).   Contrary to Plaintiff's assertions, in assessing credibility, the ALJ may consider daily activities.   *See* 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); *Hennes v. Comm'r of Soc. Sec.*, 130 F. App'x 343, 348-49 (11th Cir. 2005) (holding that "the degree of [plaintiff's] complaints also were belied by her testimony that she could shop for groceries and cook meals with her husband, put clothing in the washing machine, fold and hang clothing, and crochet").

Thus, the ALJ did not err in finding that Plaintiff's statements about her symptoms were not entirely credible.

### V.    Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's decision is supported by substantial evidence.

Accordingly, it is

**ORDERED:**

1.    The decision of the Commissioner is **AFFIRMED**.

2.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) in favor of the Commissioner.

3.    The Clerk is further directed to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on this 26th day of February, 2015.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record